# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NELSON HOWELL,<br><br>   Petitioner,<br><br>   v.<br><br>RIOS, Warden, et.al.,<br><br>   Respondents._____/ | 1:09-00309-DLB (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## BACKGROUND

Petitioner is currently a federal inmates with a projected release date of May 14, 2024, via Good Conduct Time release.  In the instant petition, Petitioner challenges a disciplinary violation he received for possession of a Hazardous Tool (cellular telephone) issued on January 22, 2007.

At the time Petitioner filed the instant federal petition on February 19, 2009, he was in custody at the United States Penitentiary ("USP") in Atwater, California.  On March 13, 2009, Petitioner was transferred to a lower security institution, the Federal Correctional Institution ("FCI") in Forrest City, Arkansas.  (See Declaration of L. Green, Attachment 1, to Answer, SENTRY Public Information Inmate Data.)  Petitioner remains in custody at FCI Forrest City in Arkansas.

Respondent filed an answer to the petition on July 27, 2009, and Petitioner filed a response on August 18, 2009.[1]  (Court Docs. 16, 17.)

DISCUSSION

I.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  Petitioner's claims for relief arise out of a disciplinary hearing. Petitioner is confined at the Taft Correctional Institution in Taft, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.  Review of Petition

In the instant petition, Petitioner contends that he was issued a rules violation in retaliation and he was subjected to a flawed disciplinary proceeding on January 31, 2007, at the USP in Atlanta, Georgia.  More specifically, Petitioner contends the rules violation was issued because he refused to "become an informant for the bureau or prisons staff" resulting in a violation of his Due Process rights under the Fifth Amendment.  Petitioner further contends that there is no evidence to support the finding of guilt and the imposition of sanctions in retaliation constituted cruel and unusual punishment.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556.  Thus, a

---

[1] A duplicate copy of Petitioner's response was filed on next day on August 19, 2009.  (Court Doc. 18.)

2

prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

In this instance, Petitioner received advance written notice on January 23, 2007. He was afforded the ability to call witnesses of which he took advantage and declined to have a staff representative. He appeared at the Disciplinary Hearing on January 31, 2007, and was given the opportunity to provide a statement and present documentary evidence. He was also provided a written statement including the evidence and reasons for the disciplinary action on February 14, 2007. (See Attachment 2, to Answer, Discipline Hearing Officer Report.)

Petitioner's main argument is that there was insufficient evidence to find him guilty of Possession of a Hazardous Tool, i.e. cellular telephone. Petitioner further contends that the Incident Report and disciplinary action were in retaliation for his refusal to supply staff with information about his cellmate and his unauthorized use of the cellular phone.

On January 22, 2007, Petitioner was housed at USP Atlanta, Georgia. Petitioner was housed with a cellmate, named Darryl Deveaux. At approximately 12:22 p.m., staff conducted a patch search of inmate Deveaux and located a concealed cellular telephone and charger in his rock sock. During the search, Petitioner contends that he was in the inmate legal library. Petitioner told staff that he did not know anything about the cell phone. Staff examined the cell phone and searched the call history. Staff then examined the Bureau of Prisons ("BOP") Inmate Telephone System ("ITS") records for Petitioner, and the BOP telephone monitoring system

("INTRUDR") records of calls at USP Atlanta. It was discovered that one of the telephone numbers called from the cellular phone was only called by Petitioner within the past 180 days on the INTRUDR phone system. In addition, Petitioner is the only inmate who has that particular phone number on their approved telephone list.

As a result, Petitioner received Incident Report, # 1558262, on January 22, 2007, for a violation of Code 108 Possession of a Hazardous Tool (cellular phone). Prohibited Act Code section 108, set forth in 28 C.F.R. § 541.13, is defined as:

> Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety[.]...

On January 23, 2007, Petitioner appeared before a Unit Discipline Committee (UDC) and the matter was referred to the Disciplinary Hearing Officer ("DHO"), because the severity of the potential sanctions exceeded the authority of the UDC to hear the matter.

On January 31, 2007, the DHO hearing took place. Petitioner stated that he was "not guilty." Petitioner called his cellmate, Darryl Deveaux, as a witness, who stated "[t]he phone is mine." After reviewing all of the evidence, the DHO found Petitioner guilty of committing the prohibited act. This finding was based on the information submitted by the reporting employee and conclusion by the Investigating Lieutenant and supporting documentary evidence. The documentary evidence included the cellular phone usage records and BOP ITS and INTRUDR system records. The DHO determined that the statement of Petitioner and the testimony of his witness-that the cellular phone belonged to the witness inmate-did not outweigh the other evidence that Petitioner possessed the phone to call a numbered listed only on his authorized telephone list. (See Attachment 2, to Answer, DHO Report.)

As a result of the finding of guilt, the DHO imposed 40 days Disallowance of Good Conduct Time, 180 days Loss of Telephone Privileges, 60 days Disciplinary Segregation, and 90 days Loss of Visiting Privileges. Respondent correctly argues that the only sanction that this Court has jurisdiction to review is the 40 days Disallowance of Good Conduct Time, as only this sanction affects the "fact or duration of confinement." Preiser v. Rodriguez, 411 U.S. 475, 487.

1  If this Court were to find a due process violation justifying the reversal of the DHO's decision,

2  the only sanction reviewable and viable in such instance is the 40-days Disallowance of Good

3  Conduct Time.  Nonette v. Small, 316 F.3d 872, 876 (9th Cir. 2002).  In his petition, Petitioner

4  seeks monetary damages in the form of $9,000.00 for the sanction of 60-days of Disciplinary

5  Segregation, and $18,000.00 for the sanction of 180 days of loss of telephone privileges.

6  Petitioner also seeks restoration of the 40-days of good conduct time forfeited as a sanction by

7  the DHO.

8       Petitioner is advised that monetary damages are not available in a habeas corpus petition

9  under 28 U.S.C. § 2241, as the only issue that can be determined must relate to the "fact or

10 duration of confinement."  Thus, the purported constitutional violations relating to the handling

11 of the Incident Report and the Discipline Hearing cannot be remedied with money damages.

12 Relief is limited to restoration of good conduct time based on his challenge to the 40-days of loss

13 of good conduct time sanction.

14      It is clear there is some evidence to support the finding that Petitioner had possessed the

15 cell phone at sometime in order to place a call-including cell phone usage records and BOP ITS

16 and INTRUDR system records which demonstrated that the cell phone confiscated from

17 Petitioner's cellmate was used to a call a telephone number that only was registered as a number

18 for use by Petitioner.

19      The DHO pointed out the risks involved with inmates possessing unauthorized cellular

20 telephones within the facility as it is considered "sensitive equipment."  More specifically, the

21 DHO stated:

22     Cellular telephones are a hazardous tool.  The action on the part of any inmate to
    possess a hazardous tool, (Cellular phone/charger) in any correctional institution
23     seriously jeopardizes the security of the institution and poses a threat to the ability
    of staff to provide for the safety and security for staff, inmates and the general
24     public as a whole.  Possessing a cellular phone gives an inmate an opportunity to
    make completely unmonitored calls.  These calls can contain threats to the general
25     public or plans for escape attempt or planning or participating in other illegal
    activity.
26
   (Attachment 2, to Answer, Disciplinary Hearing Officer Report, at 3.)
27
     Based on the serious institutional dangers posed by possession of a cellular phone, the
28

1  sanctions of 40 days of good time credits, was certainly a permitted sanction.  The sanctions were
2  properly imposed after a full hearing, with all procedural protections, and with a written
3  explanation for the reasons underlying the sanctions.  See 28 C.F.R. 541.13, Code 108,
4  Prohibited Acts, and Sanctions.  After considering all of the evidence, including Petitioner's
5  defense, the DHO found that the greater weight of the evidence supported the finding that he was
6  guilty of Prohibited Act Code 108-Possession of a Hazardous Tool, and some evidence supports
7  this finding.

8      Petitioner's claim that the Incident Report was issued solely in retaliation is unfounded.
9  As detailed above, the Incident Report, describes and outlines the evidence that was considered
10 in charging Petitioner with Possession of a Hazardous Tool.  Petitioner's only defense was that
11 the cell phone did not belong to him and his witness admitted such.  However, the fact that
12 Petitioner did not actually own the telephone, does not negate the finding that he could and was
13 determined to have been in possession of the phone prior to it being confiscated.  Accordingly,
14 the instant petition for writ of habeas corpus must be denied.

15                                   ORDER
16     Based on the foregoing, it is HEREBY ORDERED that:
17     1.    The instant petition for writ of habeas corpus is DENIED;
18     2.    The Clerk of Court is directed to enter judgment in favor of Respondent; and
19     3.     A certificate of appealability is not necessary.  Forde v. U.S. Parole Comm'n, 114
20           F.3d 878, 879 (9th Cir.1997).
21     IT IS SO ORDERED.
22     Dated:   **August 31, 2009**                /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE